**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TAMARA WAREKA, also known as Tamara Williams** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 1:26cv223-LG-BWR** |
| **CHRISTINA OBILISUNDER, doing business as Coastal Cosmetic Ink** | **DEFENDANT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In this copyright infringement action, Plaintiff Tamara Wareka p/k/a Tamara Williams claims that Christina Obilisundar d/b/a Coastal Cosmetic Ink used one of Plaintiff's professional, copyrighted photographs without license, permission, or authorization on Coastal Cosmetic Ink's website. Plaintiff served a summons and complaint on Defendant on September 1, 2026, but Defendant did not file an Answer or otherwise appear in this lawsuit. After obtaining a [8] Clerk's Entry of Default, Plaintiff filed a [10] Motion for Default Judgment. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion for Default Judgment should be granted. However, the Court finds that the attorney's fees award requested by Plaintiff should be reduced for the reasons stated below.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

Before considering Plaintiff's motion, the Court must establish that it has subject matter jurisdiction over this lawsuit. *See Giannakos v. M/V Bravo Trader*,

762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."). "Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164–65 (2010).[1] Therefore, the Court has jurisdiction over this lawsuit.

## II. WHETHER PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT

A court can grant a default judgment when "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation modified). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation modified). A plaintiff's allegations are well pleaded if a plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To satisfy that requirement, a plaintiff need only include enough facts in the complaint to "raise a right to relief above the speculative level." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Meanwhile, Section 1338 provides, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

> To establish a prima facie case of copyright infringement, a copyright owner must prove (1) ownership of a valid copyright, and (2) copying by the defendant of constituent elements of the work that are original. A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.

*Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam) (citation modified).

In her Complaint, Plaintiff alleges that she registered the photograph at "with the United States Copyright Office under Registration Number VA 2-116-917 with the file name TRU2343548 and an Effective Date of Registration of August 23, 2018." Compl. [1] at 4; Ex. B [1-2]. She attached a copy of the photograph to her Complaint, as well as a screenshot of Defendant's website dated August 25, 2025, that features the photograph as part of an advertisement for "semi-permanent freckle tattoos." *Compare* Compl., Ex. A [1-1] *with* Compl., Ex. C. [1-3].

Plaintiff claims that Defendant willfully infringed on Plaintiff's rights by using the photograph without a license, permission, or authorization. Compl. [1] at 8. Plaintiff asserts:

> Defendant (including her employees, agents, contractors or others over whom it has responsibility and control) used, publicly displayed, and otherwise held out to the public Williams's original and unique Williams Photograph for commercial purposes and to acquire a direct financial benefit from use of the Williams Photograph.
> . . . .
> Defendant (including her employees, agents, contractors or others over whom it has responsibility and control) used, publicly displayed, and otherwise held out to the public Williams's original and unique Williams Photograph for commercial purposes and to acquire a direct financial benefit from use of the Williams Photograph.

*Id.* at 6–7. Upon receipt of a cease-and-desist letter sent on behalf of Plaintiff, Defendant removed the photograph from her website, but "[t]he parties were unable to resolve the matter as to the demand for licensing fees for the unauthorized use of the Williams Photograph." *Id.* at 7. As a result, Plaintiff has stated a plausible claim against Defendant for violation of 17 U.S.C. § 501.

## III. DAMAGES

"As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But that rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* Thus, in the context of a default judgment, damages should not be "awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

In lieu of actual damages, a copyright owner may seek statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "[O]ne purpose of statutory damages is to deter" copyright infringement. *Joe Hand Promotions, Inc. v. Plummer*, No. 3:14-CV-00001, 2014 WL 3749148, at *2 (N.D. Miss. July 29, 2014). Therefore, courts often grant an award that exceeds the minimal statutory damages or an award that constitutes a multiple of the plaintiff's customary licensing fee. Otherwise, the defendant "would have no motivation to refrain from continuing the unauthorized conduct." *Id.* A

reasonable award is around two to three times what would have been the cost to the defendant had she followed the law. *See G & G Closed Cir. Events LLC v. Rivals Sports Grill LLC*, No. 6:12-3052, 2014 WL 198159, at *4 (W.D. La. Jan. 14, 2014); *J&J Sports Prods., Inc. v. Rodriguez*, No. SA-13-CA-342-XR, 2013 WL 3967833, at *2 (W.D. Tex. July 31, 2013); *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008).

Here, Plaintiff seeks statutory damages totaling $5,600.00. Pl.'s Mot. [10] at 2. She has produced a "license for commercial use for a similar beauty photograph owned by Plaintiff for $5,600.00 for a three-year period with Plaintiff's client's information redacted for privacy purposes." Decl. [10-1] at 4. Plaintiff's attorney has provided the following basis for this request:

> Plaintiff would have licensed the Williams Photograph for website use to promote a beauty service for no less than one year and assesses that the value of the lost licensing fees for one year's unauthorized use is $1866.67 or 1/3 of the Comparable License fee of $5,600 for three years. . . . Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504(c) of the Copyright Act. . . . Although the Court is empowered to award up to $150,000 for willful infringement pursuant Section 504(c)(2) of the Copyright Act, here, Plaintiff requests a statutory award of $5,600, or approximately three times the licensing value of $1866.67.

*Id.* at 5.

Therefore, Plaintiff has provided sufficient evidence and analysis to enable mathematical calculation of her damages without a hearing. Her request for statutory damages of three times the cost of a one-year license is supported by the statute and case law. As a result, she is entitled to $5,600.00 in statutory damages.

## IV. ATTORNEY'S FEES AND COSTS

In a copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

> [C]ourts apply a two-step method for determining a reasonable attorney's fee award. The court must first calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. Though the lodestar is presumed reasonable, the court may enhance or decrease it based on the twelve *Johnson* factors. The court must provide a reasonably specific explanation for all aspects of a fee determination.

*Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). The *Johnson* factors are:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 716 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

Plaintiff seeks costs totaling $960.00, which represents the total of the $405.00 filing fee and $555.00 for service of process fees. The Court finds that Plaintiff's request for fees is reasonable under 17 U.S.C. § 505.

Plaintiff also requests attorneys' fees in the amount of $5,812.50. Her attorney, who is licensed to practice law in Mississippi and before this Court, has testified that she has been practicing intellectual property law for less than one year, and her hourly rate is $300.00 per hour. She further states:

> 40. I have spent approximately 1.00 hour prosecuting this matter for a total fee of $300.00.
> 41. My colleague, Jayma Leath, assisted me with this matter and conducted most of the legal work.
> 42. Ms. Leath's hourly rate is $350.00 per hour, and she has been practicing intellectual property law for six years.
> 43. Ms. Leath spent approximately 15.75 hours prosecuting this matter for a total fee of $5,512.50 as follows:
>
> > a. reviewing this matter for litigation, gathering the necessary information, and drafting the Complaint and Exhibits (6 hours);
> > b. drafting correspondence to Defendant on September 4th, 16th, and 29th, October 1st, and November 6th (0.75 hours); and
> > c. addressing Defendant's default including drafting the Request for Entry of Default (1.00 hour), the Motion for Default, and all supporting documents (8 hours).

Att'y Decl. [10-1] at 6.

The attorney who performed the majority of the work on this case was Ms. Leath, but it is unclear where Ms. Leath is licensed to practice law. She is not listed on the Mississippi Bar's member directory, and she did not file a motion for admission pro hac vice. She has not made an appearance in this case, and she has not signed any of the documents filed with this Court. She also has not provided an affidavit or declaration supporting her request to recover her fees.

The Court's Local Rules provide, "This rule provides the only authority under which a non-resident attorney who is not a member of the Mississippi Bar and not admitted to practice before the Mississippi Supreme Court may practice in a United States District Court serving Mississippi." L. U. Civ. R. 83.1(d)(2). Nevertheless, some courts have held that the fees of an out-of-state attorney who was not admitted pro hac vice are compensable if the attorney served as a consultant on the case. *See, e.g., Gsell v. Rubin & Yates, LLC*, 41 F. Supp. 3d 443, 450 (E.D. Pa. 2014).

> Where an out-of-state attorney's participation was limited to that of a consultant whose services are compensable despite lack of pro hac vice admission, that attorney likely:
> (1) refrained from direct client contact;
> (2) refrained from contact with opposing counsel;
> (3) did not sign or draft substantial portions of pleadings, especially the complaint;
> (4) restricted his participation in the case to reviewing motions, drafting internal memos, and advising lead counsel, such that his work was supervised by, and ultimately filtered through the lead attorney;
> (5) recorded only a modest number of hours on a case, relative to lead counsel and other admitted attorneys working on a case.

*Id.* (collecting cases). However, "an attorney may not receive attorney's fees . . . if there is evidence he did not meet the legal qualifications to be admitted pro hac vice to the bar of the relevant court had he applied; thus, disbarred, suspended or otherwise unqualified attorneys may not be the beneficiaries of the holding in this case." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009). Meanwhile, "[c]ourts in the Fifth Circuit have declined to award fees to an attorney not admitted pro hac vice to the district in which the case is pending, although the United States Court of Appeals for the Fifth Circuit has not yet taken a definitive

stance on the issue." *Rakestraw v. Cadence Bank*, No. 1:22-CV-00067-MPM-RP, 2024 WL 1337188, at *2 (N.D. Miss. Mar. 28, 2024) (quoting *Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.*, No. MO:19-CV-173-DC, 2021 WL 7184967, at *3 (W.D. Tex. Oct. 21, 2021); *Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL 1245770, at *3 (E.D. La. Mar. 18, 2015)). As another court has observed, "[p]ro hac vice rules exist for a reason: [t]o ensure that an attorney is eligible and qualified to practice law in this district." *Gilmore*, 2015 WL 1245770, at *3.

The record reflects that Ms. Leath performed almost all of the legal work necessary to prosecute this case, but Plaintiff has not provided sufficient information for the Court to evaluate Ms. Leath's request for attorney's fees. As a result, the Court finds that Plaintiff is entitled to $300.00 in attorney's fees for the work done by her attorney of record, in addition to $960.00 in costs.

## V. POST-JUDGMENT INTEREST

Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

## CONCLUSION

For the reasons previously stated, Plaintiff is entitled to recover $5,600.00 in statutory damages, $300.00 in attorney's fees, $960.00 in costs, and post-judgment interest.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [10] Motion for Default Judgment as to Cope Investments is **GRANTED**. She is entitled

to recover $5,600.00 in statutory damages, $300.00 in attorney's fees, $960.00 in costs, and post-judgment interest. The Court will enter a separate default judgment as required by Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE